# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN FREEMORE, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:18-1465 |
| v. | : | (JUDGE MANNION) |
| BARRY SMITH, Superintendent | : | |
| Respondent | : | |

# MEMORANDUM

Petitioner, Shawn Freemore, an inmate confined in the State Correctional Institution, Houtzdale, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He attacks a 2011 conviction imposed by the Court of Common Pleas for Monroe County, Pennsylvania. (Doc. 1). Following careful consideration of the parties' submissions, and for the reasons discussed below, the Court will dismiss the petition as untimely. See 28 U.S.C. §2244(d).

## I. Background

The procedural background of this case has been extracted from the Pennsylvania Superior Court's August 3, 2018 Memorandum Opinion, affirming the PCRA Court's dismissal of Petitioner's second PCRA as

untimely. (See Doc. 15 at 1-4).

> Appellant, Shawn Freemore, appeals *pro se* from the order entered in the Monroe County Court of Common Pleas, which dismissed as untimely his second petition filed under the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A., §§9541-9546. On February 3, 2009, Appellant fatally stabbed Victim, when Appellant was 19 years old. On September 21, 2011, a jury convicted Appellant of first-degree murder, conspiracy to commit murder, and tampering with and/or fabricating physical evidence. The court sentenced Appellant on December 12, 2011, to life imprisonment without the opportunity of parole ("LWOP"). This Court affirmed on July 23, 2013 and our Supreme Court denied allowance of appeal on September 2, 2014. **See Commonwealth v. Freemore**, 82 A.2d 1074 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 626 Pa. 704, 99 A.3d 76 (2014). Appellant sought no further direct review, so the judgment of sentence became final on December 1, 2014. Appellant timely filed his first *pro se* PCRA petition on April 22, 2015; the PCRA court appointed counsel and later denied relief on September 11, 2015. This Court affirmed on August 3, 2016, and our Supreme Court denied allowance of appeal on February 15, 2017. **See Commonwealth v. Freemore**, 156 A.3d 327 (Pa.Super. 2016) (unpublished memorandum), *appeal denied*, __Pa.__, 166 A.3d 1226 (2017).
>
> Appellant filed his second, current *pro se* PCRA petition on August 25, 2017. On August 30, 2017, the PCRA court issued Rule 907 notice; Appellant filed a *pro se* response on September 13, 2017. The PCRA court dismissed Appellant's petition on October 13, 2017, and a court-ordered Rule 1925(b) statement on November 29, 2017.

Id. By Memorandum Opinion dated August 3, 2018, the Pennsylvania Superior Court affirmed the dismissal of Petitioner's second PCRA petition as follows:

2

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. §9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. §9545(b)3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances which excuse the late filing of a petition and are also subject to a separate 60-day deadline. 42 Pa.C.S.A. §9545(b)(1-2). To assert the newly-created-constitutional-right exception under Section 9534(b)(1)(iii), "a petitioner must prove that there is a new constitutional right and that the right has been held by that court to apply retroactively." **Commonwealth v. Chambers**, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012).

Instantly, the judgment of sentence became final on December 1, 2014, upon expiration of the time to file a petition for *writ of certiorari* in the United States Supreme Court. **See** U.S.Sup.Ct.R. 13. Appellant filed the current *pro se* PCRA petition on August 25, 2017, which is patently untimely. **See** 42 Pa.C.S.A. §9545(b)(1). Appellant attempts to invoke the "new constitutional right" exception by citing three decisions: **Miller v. Alabama**, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (ruling unconstitutional mandatory life without possibility of parole ("LWOP") sentences for juvenile offenders); **Montgomery v. Louisiana**, ___U.S.___, 136 S.Ct. 718, 193 L.Ed.2d 599 (filed January 25, 2016, and revised on January 27, 2016) (holding **Miller** applies retroactively to cases on collateral review); and **Commonwealth v. Batts**, __Pa.__, 163 A.3d 410 (2017) (**"Batts II"**) (providing rebuttable presumption exists against sentencing juveniles to LWOP and explaining Commonwealth can rebut presumption if it proves beyond reasonable doubt that juvenile defendant cannot be rehabilitated). Appellant, however, was 19 years old at the time of his offenses. Consequently, he cannot assert **Montgomery/Miller** as an exception to the PCRA timeliness requirement to obtain resentencing under **Batts II**.

> Thus, Appellant's petition remains time-barred, and the PCRA court lacked jurisdiction to review it. **See Zeigler, supra**. Accordingly, we affirm.

Id.

On July 24, 2018, Petitioner filed the above captioned petition for writ of habeas corpus in which he raises seven claims of ineffective assistance of counsel, denial of a fair trial, and that he is subject to an illegal sentence in violation of the Eighth and Fourteenth Amendment. (Doc. 1, petition).

On October 30, 2018, Freemore filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on April 30, 2019. (Doc. 18 at 11).

Upon consideration of Petitioner's failure to return this Court's Notice of Election, the Court issued a show cause order, requiring Respondent to file a response to the petition, as filed. (Doc. 9, Order).

On March 11, 2019, Respondent filed a response to the petition for writ of habeas corpus, arguing that the petition is untimely. (Doc. 11). A traverse having been filed on May 31, 2019, (Doc. 18), the petition is ripe for disposition.

**II.     Discussion**

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1)-(2)(emphasis added); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of §2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). ("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction

5

proceedings are pending in any state court."); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(*per curiam*); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under §2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari

in the United States Supreme Court from the denial of his state postconviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under §2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

The AEDPA statute of limitations also may be subject to equitable tolling. The Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In Merritt, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations omitted).

### A. Statutory Tolling

The Pennsylvania Supreme Court denied allocatur on Petitioner's direct appeal on September 2, 2014. Thus, his conviction became final on December 1, 2014, after 90-days had passed in which he could have petitioned the United States Supreme Court for a writ of certiorari. See

Almazan v. Commonwealth of PA, 80 F.Supp.3d 602, 605 (E.D.Pa. 2015) (citing Kapral v. United States, 166 F.3d 565 (3d Cir. 1999)). The clock for filing a federal habeas petition began running on December 1, 2014, and petitioner then had one year, or until December 1, 2015, to file a timely habeas corpus petition. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

Pursuant to 28 U.S.C. §2244(d)(2), when Freemore filed his PCRA petition on April 22, 2015, the AEDPA's filing period was statutorily tolled with approximately 223 days of the one (1) year filing period remaining. See Harris, 209 F.3d at 328. Petitioner's PCRA petition was pending until February 15, 2017, when the Pennsylvania Supreme Court denied Freemore's petition for allowance of appeal. Accordingly, the remaining 223 days of the one-year limit for Petitioner to timely file a federal petition for writ of habeas corpus began on February 15, 2017 and expired on September 26, 2017. The instant petition was not filed until July 24, 2018, ten months after the limitations period expired. Thus, the petition for habeas corpus relief is barred by the statute of limitations, and should be dismissed as untimely, unless the statute of limitations is subject to statutory or equitable tolling.

Petitioner's second PCRA petition, filed on August 25, 2017, was dismissed by the PCRA court on October 13, 2017. On August 3, 2018, the

Pennsylvania Superior Court found that Petitioner's second PCRA petition failed to meet any of the exceptions in 42 Pa. Cons.Stat.Ann. §9545(b)(1)(i)(ii)(iii), and affirmed the dismissal as untimely. The Pennsylvania Supreme Court denied Freemore's petition for allowance of appeal on April 30, 2019.

Relying on the state court's dismissal of Freemore's PCRA petition as untimely, we are bound by the Pennsylvania Superior and Supreme Court's ruling that the PCRA petition as not properly filed as a matter of state law. Fahy v. Horn, 240 F.3d 239, 243 (3d Cir.), *cert. denied*, Horn v. Fahy, 534 U.S. 944 (2001). As such, Petitioner's second PCRA petition does not toll the statute of limitations. See Long v. Wilson, 393 F.3d 390, 395 (3d Cir. 2004) (petitioner's untimely PCRA petition did not statutorily toll the statute of limitations because, inter alia, "the limitations period had already run when it was filed"). Case law is clear that an untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. See Pace v. Diguglielmo, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under §2254(d)(2)."). See also Merritt v. Blaine, 326 F.3d at 167-68. Consequently, the AEDPA statute of limitations is not subject

to statutory tolling.

### B. Equitable Tolling

A habeas petitioner may also be entitled to equitable tolling of the AEDPA statute of limitations. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003), cert. denied, 540 U.S. 921 (2003) (holding that AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception). However, the habeas petitioner bears the burden of demonstrating his entitlement to equitable tolling and his due diligence. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Cooper v. Price, 82 Fed. Appx. 258, 260 (3d Cir. 2003). Moreover, the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt, 326 F.3d at 161. Thus, while equitable tolling is permitted in state habeas petitions under AEDPA, it is not favored. "Courts must be sparing in their use of equitable tolling" and only permit equitable tolling where "principles of equity would make rigid application of a limitation period unfair." Sistrunk v. Rozum, 674 F.3d 181, 189 (3d Cir. 2012).

In Merritt, the Third Circuit Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that

the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claims." Merritt, 326 F.3d at 168 (internal citations and quotations omitted). Mere excusable neglect is not sufficient. Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618–19 (3d Cir. 1998). The Court of Appeals has identified additional circumstances in which equitable tolling is warranted: (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, and (4) the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him. See Jones, 195 F.3d at 159).

    Petitioner presents absolutely no evidence to account for the delay in filing the instant petition for writ of habeas corpus. Consequently, equitable tolling is inapplicable in this matter and the petition will be dismissed.

## IV. <u>Conclusion</u>

In light of the foregoing, the petition for writ of habeas corpus will be **DISMISSED**, and the case will be **CLOSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*  
**MALACHY E. MANNION**  
**United States District Judge**

**DATED: December 2, 2019**
18-1465-01