UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN FREEMORE,   :

  Petitioner   :   CIVIL ACTION NO. 3:18-1465

  v.   :   (JUDGE MANNION)

BARRY SMITH,
Superintendent   :

     :

  Respondent

## MEMORANDUM

Petitioner, Shawn Freemore, an inmate confined in the State Correctional Institution, Houtzdale, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He attacks a 2011 conviction imposed by the Court of Common Pleas for Monroe County, Pennsylvania. (Doc. 1). By Memorandum and Order dated December 2, 2019, Freemore's petition was dismissed as untimely. (Doc. 25, 26). Presently before the Court is Petitioner's motion for reconsideration of this Court's December 2, 2019 Memorandum and Order. (Doc. 27). For the reasons set forth below, Petitioner's motion for reconsideration will be denied.

## II. DISCUSSION

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting

2

Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus. Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

A review of the Court's December 2, 2019, Memorandum and Order reveals the following with respect to this Court's decision to dismiss the instant Petition for writ of habeas corpus as untimely:

> Relying on the state court's dismissal of Freemore's PCRA petition as untimely, we are bound by the Pennsylvania Superior and Supreme Court's ruling that the PCRA petition as not properly filed as a matter of state law. Fahy v. Horn, 240 F.3d 239, 243 (3d Cir.), *cert. denied*, Horn v. Fahy, 534 U.S. 944 (2001). As such, Petitioner's second PCRA petition does not toll the statute of limitations. See Long v. Wilson, 393 F.3d 390, 395 (3d Cir. 2004) (petitioner's untimely PCRA petition did not statutorily toll the statute of limitations because, inter alia, "the limitations period had already run when it was filed"). Case law is clear that an untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. See Pace v. Diguglielmo, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under §2254(d)(2)."). See also Merritt v. Blaine, 326 F.3d at 167-68. Consequently, the

3

AEDPA statute of limitations is not subject to statutory tolling.

(Doc. 12 at 13).

Petitioner claims that "because the PCRA court did not deny the PCRA as untimely, but denied on the merit, then the Second PCRA must be viewed as "properly filed" for purposes of AEDPA and calculations." (Doc. 27 at 2). In support of this proposition, Freemore relies on the holding in Smith v. Battaglia, 415 F.3d 649, 652-653 (7th Cir. 2004), where the Seventh Circuit Court of Appeals found the following:

> "[the] court applies Harris presumption to determine that there was not clear and express statement that State motion was untimely; as a result, the State motion was properly filed and the Federal petition was timely" (citing Harris v. Reed, 489 U.S. 255).

(Doc. 27 at 2).

The Court finds Petitioner's motion for reconsideration to be without merit.

Petitioner's initial argument in his second PCRA petition is that "Petitioner meets the requirements for exception to the time requirement as set forth in 42 Pa.C.S. §9545." (Doc. 11 at 7). In support of his argument, Petitioner relied on Commonwealth v. Batts, Pa., 163 A.3d 410 (2017), Miller v. Alabama, 567 U.S. 460 (2012) and Montgomery v. Louisiana, 136 S.Ct.

4

718 (2016) to invoke the "new constitutional right" exception. Id.

By Notice of Disposition Without Hearing, the PCRA Court informed Freemore of its intent to dismiss his PCRA petition for the following reasons:

>  (1) Defendant alleges that he is entitled to relief pursuant to the recent Pennsylvania Supreme Court decision in <u>Com. v. Batts</u>, 163 A.3d (2017).
> 
>  (2) <u>Batts</u> creates a presumption against the imposition of a sentence of life without parole for a Defendant convicted of first-degree murder committed as a juvenile. <u>Batts</u>, in effect, makes Pennsylvania law constant with Federal law after the United States Supreme Court's decision in <u>Montgomery v. Louisiana</u>, 136 S.Ct. 718 (2016).
> 
>  (3) The United States Supreme Court held in <u>Montgomery</u> that the rule announced in <u>Miller v. Alabama</u>, that mandatory life imprisonment without parole for juvenile homicide offenders violates the Eighth Amendment's prohibition of cruel and unusual punishments, applies retroactively in state cases on collateral review.
> 
>  (4) In the present case, the Defendant, 19 years of age at the time of the crime, was convicted of Murder in the First Degree and sentenced to life imprisonment without the possibility of parole. As the Defendant was not a juvenile at the time of the crime, the Courts holding in <u>Batts</u> and <u>Montgomery</u> do not apply.
> 
>  (5) The petition is patently frivolous and without support in the record.
> 
>  (6) The facts alleged would not entitle the Defendant to relief.
> 
>  (7) There are no genuine issues concerning any material fact.
> 
>  (8) No purpose would be served by any further proceedings.

(See Doc. 11-8 at 22). The PCRA Court afforded Freemore an opportunity to respond the notice of dismissal. Id. By Order dated October 12, 2017, the PCRA Court found that "after consideration of the Defendant's second PCRA Petition and his "Response to the Court's 'notice of disposition without hearing" filed September 13, 2016, the Defendant's PCRA Petition is **DISMISSED**." (Doc. 11-8 at 18). Thus, without explicitly stating that Petitioner's PCRA petition was dismissed as untimely, the PCRA Court found that the cases Petitioner was relying on to overcome the timeliness of his petition did not apply to Petitioner, and Petitioner was not to be afforded the benefit of an exception to the timeliness requirement.

By Memorandum Opinion dated August 3, 2018, the Pennsylvania Superior Court affirmed the dismissal of Petitioner's second PCRA petition as follows:

> The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. §9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. §9545(b)3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances which excuse the late filing of a petition and are also subject to a separate 60-day deadline. 42 Pa.C.S.A. §9545(b)(1-2). To assert the newly-created-constitutional-right exception under Section 9534(b)(1)(iii), "a petitioner must prove that there is a new constitutional right and

that the right has been held by that court to apply retroactively." **Commonwealth v. Chambers**, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012).

Instantly, the judgment of sentence became final on December 1, 2014, upon expiration of the time to file a petition for *writ of certiorari* in the United States Supreme Court. **See** U.S.Sup.Ct.R. 13. Appellant filed the current *pro se* PCRA petition on August 25, 2017, which is patently untimely. **See** 42 Pa.C.S.A. §9545(b)(1). Appellant attempts to invoke the "new constitutional right" exception by citing three decisions: **Miller v. Alabama**, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (ruling unconstitutional mandatory life without possibility of parole ("LWOP") sentences for juvenile offenders); **Montgomery v. Louisiana**, ___U.S.___, 136 S.Ct. 718, 193 L.Ed.2d 599 (filed January 25, 2016, and revised on January 27, 2016) (holding **Miller** applies retroactively to cases on collateral review); and **Commonwealth v. Batts**, __Pa.__, 163 A.3d 410 (2017) ("**Batts II**") (providing rebuttable presumption exists against sentencing juveniles to LWOP and explaining Commonwealth can rebut presumption if it proves beyond reasonable doubt that juvenile defendant cannot be rehabilitated). Appellant, however, was 19 years old at the time of his offenses. Consequently, he cannot assert **Montgomery/Miller** as an exception to the PCRA timeliness requirement to obtain resentencing under **Batts II**. Thus, Appellant's petition remains time-barred, and the PCRA court lacked jurisdiction to review it. **See Zeigler, supra**. Accordingly, we affirm.

Id. On October 30, 2018, Freemore filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on April 30, 2019. (Doc. 18 at 11).

Based on this record, this Court determined that the Freemore's second

7

PCRA petition did not toll the statute of limitations period because it was deemed untimely filed by the Pennsylvania Superior Court, a decision that was then affirmed, without comment, by the Pennsylvania Supreme Court. (See Docs. 15, 18). See also Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of §2244(d)(2)." (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002); alteration in original)); Allen v. Siebert, 552 U.S. 3, 7 (2007) (reiterating its holding in Pace, 544 U.S. at 414, that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of §2244(d)(2)," and concluding that "[b]ecause [the habeas petitioner's] petition for state postconviction relief was rejected as untimely by the [state] courts, it was not 'properly filed' under §2244(d)(2)" and did not, therefore, toll the applicable limitations period for filing a habeas petition); Satterfield v. Johnson, 434 F.3d 185, 192 (3d Cir. 2005) ("If a state court determines that a [postconviction] petition is untimely, 'that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was "entangled" with the merits.' " (quoting Carey, 536 U.S. at 226 (2002))); Washington v. Sobina, 509 F.3d 613, 622 n.11 (3d Cir. 2007) (noting that "the United States Supreme Court

and [the United States Court of Appeals for the Third Circuit] have repeatedly held," in the context of ... 28 U.S.C. §2244(d)(2), that when a postconviction petition is not timely under state law, " 'that [is] the end of the matter' for purposes of §2244(d)(2)." (quoting Pace, 544 U.S. at 414; citation omitted)); see also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003) (explaining that once the highest Pennsylvania court to address the matter rules that a PCRA petition is untimely, "it would be an undue interference for a federal district court to decide otherwise.").

Petitioner presents no evidence that this Court misunderstood or misinterpreted the law as it applies to his situation. Freemore's petition was properly dismissed. His reliance on a Seventh Circuit court decision as to the importance of a clear and express statement that a state motion is untimely, is clearly outweighed by the plethora of case law decided by the United States Supreme Court, and United States Court of Appeals for the Third Circuit, that this Court is bound by the state courts' ruling that Freemore's second PCRA petition was not properly filed as a matter of law, and did not statutorily toll the statute of limitations. Accordingly, this Court finds that its Memorandum and Order of December 2, 2019, is not troubled by manifest errors of law or fact and Petitioner has not presented anything new, which if previously presented,

might have affected our decision. Consequently, the motion for reconsideration will be **DENIED**. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: February 13, 2020**
18-1465-02